**Robert M. BEATTIE, Jr.,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America, Department of Defense of the United States, Defense Investigative Service, Defendants–Appellees.**

**No. 91–3139.**

United States Court of Appeals,
Tenth Circuit.

Nov. 26, 1991.

James S. Phillips, Jr. of Phillips & Phillips, Chartered, Wichita, Kan., for plaintiff-appellant.

Lee Thompson, U.S. Atty., Stephen K. Lester, Asst. U.S. Atty., Wichita, Kan., for defendants-appellees.

Before ANDERSON, BARRETT, and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Plaintiff Robert M. Beattie, a former fire fighter at the Boeing Military Airplane Company (BMAC), brought this civil rights action for declaratory and injunctive relief to redress various constitutional violations alleged in connection with a decision of the Defendant United States Air Force (USAF) denying him access, for security reasons, to the Air Force One project area at his BMAC plant. The government filed a motion for dismissal on mootness grounds and a motion for summary judgment on the merits. The district court granted the latter motion in a published opinion, *see Beattie v. United States*, 759 F.Supp. 753 (D.Kan.1991), and this appeal followed.[1]

We shall recount only those facts and allegations pertinent to our disposition of this appeal. A full account of the background of the case may be found in the district court's opinion. At the commencement of this action, Plaintiff retained his position with BMAC, but his promotional opportunities were allegedly impeded by his inability to enter the Air Force One area. In his Second Amended Complaint and the Pretrial Conference Order, Plaintiff also alleged damage to his reputation by the defamatory impression created by the Air Force One access denial, as well as unspecified harassment on the job by other BMAC employees. Plaintiff sought various forms of equitable relief to undo the USAF's decision and remedy the injury it allegedly caused. During the course of this litigation, however, Plaintiff unilateral-

ly terminated his employment with BMAC, prompting the government's motion to dismiss the action as moot. The district court summarily denied the motion at the outset of its opinion, stating that it would, rather, "proceed to the motion for summary judgment as the defendant's cursory arguments for mootness appear flawed." *Beattie*, 759 F.Supp. at 755.

 The mootness question necessarily constitutes our threshold inquiry, because the existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of the federal courts. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990). Since this requirement "subsists through all stages of federal judicial proceedings, ... it [is] not enough that a dispute was very much alive when suit was filed.... The parties must continue to have a ' "personal stake in the outcome" ' of the lawsuit." *Id.* 110 S.Ct. at 1253–54 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983) (quoting *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962))). We must therefore determine whether Plaintiff's termination of his employment relationship with BMAC, within which the challenged USAF ruling had its only direct application, has mooted the parties' admittedly once-live controversy.

It is significant that Plaintiff's claims are limited to equitable relief, because "while a plaintiff who has been constitutionally injured can bring a[n] ... action to recover damages, that same plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future." *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir.1991); *see, e.g., Melvin v. Nickolopoulos*, 864 F.2d 301, 304 (3d Cir.1988) (receipt of requested parole deprivation hearing mooted claim for injunctive relief but not damages); *Francis v. Fox*, 838

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

F.2d 1147, 1149 and n. 6 (11th Cir.1988) (claim for unconstitutional denial of work release not mooted by subsequent parole because damages sought in addition to declaratory and injunctive relief). We continue to heed the Supreme Court's pertinent admonition, in *O'Shea v. Littleton,* 414 U.S. 488, 495–96, 94 S.Ct. 669, 675–76, 38 L.Ed.2d 674 (1974), that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *See, e.g., Facio,* 929 F.2d at 545; *Feit v. Ward,* 886 F.2d 848, 857 (7th Cir.1989). Likewise, with respect to declaratory relief, "we look beyond the initial 'controversy' which may have existed at one time [and] ... decide 'whether the facts alleged ... show that there is a substantial controversy ... of sufficient *immediacy and reality* to warrant the issuance of a declaratory judgment." *Schepp v. Fremont County,* 900 F.2d 1448, 1452 (10th Cir.1990) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)) (emphasis added in *Schepp* ).

The only immediate and direct adverse effects of the challenged USAF decision related to the conditions of Plaintiff's employment at the BMAC plant where the Air Force One project was located. Under the principles recited above, Plaintiff's termination of his employment at BMAC clearly mooted any claims for relief in this regard. *See, e.g., Hampton v. IRS,* 913 F.2d 180, 182 (5th Cir.1990) (claims for equitable redress of discrimination regarding conditions of employment mooted by plaintiff's subsequent unchallenged discharge); *Feit,* 886 F.2d at 857–58 (equitable First Amendment challenge to forest service policy prohibiting political protest by employees mooted by plaintiff's termination from for-

est service); *Sandidge v. Washington,* 813 F.2d 1025, 1025–26 (9th Cir.1987) (equitable First Amendment challenge to unfavorable job performance evaluation mooted by plaintiff's discharge); *Backus v. Baptist Medical Ctr.,* 671 F.2d 1100, 1102–03 (8th Cir.1982) (plaintiff mooted equitable claims regarding alleged sex discrimination when he "voluntarily removed himself from the impact of the challenged practice by discontinuing his employment [and] abandoning his claim for damages"). Again, the absence of any claim for compensatory relief is critical to our mootness analysis here.[2] *Cf. Bunch v. Bullard,* 795 F.2d 384, 389 (5th Cir.1986) (Title VII claim for denial of promotion not mooted by plaintiff's resignation because compensatory back-pay still available); *Aiello v. City of Wilmington,* 623 F.2d 845, 850 n. 8 (3d Cir.1980) (challenge to Fire Bureau regulations, pursuant to which plaintiff had been disciplined, not mooted by plaintiff's retirement because compensatory damages sought).

 Furthermore, Plaintiff's conclusory allegations of continuing injury and collateral consequences are not sufficient to keep this case alive. Plaintiff asserted below that the challenged USAF decision (1) ultimately resulted in "Plaintiff's resignation from Boeing, which may be deemed a constructive discharge," Plaintiff's Response in Opposition to Defendant's Motion to Dismiss at 13 (Appellant's App. at 141); (2) damaged his reputation by creating a "defamatory impression," Pretrial Conference Order at 4 (Appellant's App. at 17); *see also* Second Amended Complaint at 5, 8 (Appellant's App. at 5, 8); and (3) "impaired his employment prospects," *id.* Plaintiff did not even plead a constructive discharge theory or include one in the Pretrial Order, much less substantiate such a claim on the record before us. As for injury to reputation, the following passage

---

**2.** We also note that the "capable of repetition, yet evading review" exception to mootness has no application here, as this particular controversy is neither likely to recur nor, by nature, so ephemeral as to elude the processes of judicial review. *See, e.g., Feit,* 886 F.2d at 858 n. 12 and accompanying text; *Backus,* 671 F.2d at 1103. *See generally Johansen v. City of Bartlesville,* 862 F.2d 1423, 1426 (10th Cir.1988) (outside of class

action context, exception is limited to cases where " '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again' " (quoting *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975)).

 

from the district court's opinion, though addressed directly to the related but separate question whether the USAF decision deprived Plaintiff of a liberty interest, also explains why that decision cannot be deemed defamatory:

> "A [security] clearance does not equate with passing judgment upon an individual's character." [*Department of the Navy v.] Egan*, 484 U.S. [518,] 528, 108 S.Ct. [818,] 824 [98 L.Ed.2d 918] [(1988)]. The Air Force informed BMAC that it was denying plaintiff access because of his "past history," in particular, his Soviet contacts that were the subject of the [Defense Investigative Service] report. These are nonspecific reasons which fall within the Supreme Court's rationale in *Egan*. Because clearance may be denied for reasons ranging from past conduct to familial ties with a hostile country, the mere act of denying clearance does not imply "disloyalty or any other repugnant characteristic." 484 U.S. at 528–29, 108 S.Ct. at 824–25.

*Beattie*, 759 F.Supp. at 761. This analysis is entirely consistent with our discussion of a similar matter in *Hill v. Department of Air Force*, 844 F.2d 1407, 1409, 1412 (10th Cir.) (quoting and interpreting same statements from *Egan*), *cert. denied*, 488 U.S. 825, 109 S.Ct. 73, 102 L.Ed.2d 49 (1988). *See also Jamil v. Secretary, Dep't of Defense*, 910 F.2d 1203, 1209 (4th Cir.1990) (revocation of security clearance "does not constitute an adjudication of one's character"). Finally, Plaintiff's unsubstantiated

allegations regarding the unspecified impairment of unidentified employment prospects are simply too speculative to support the exercise of federal jurisdiction.[3] *See Feit*, 886 F.2d at 857–58; *Sandidge*, 813 F.2d at 1025–26; *see also Westmoreland v. National Transp. Safety Bd.*, 833 F.2d 1461, 1463 (11th Cir.1987) (possibility that plaintiff might be disqualified from potential future employment if challenged suspension of her commercial pilot certificate were disclosed held too speculative to create a cognizable interest in outcome of litigation sufficient to support federal jurisdiction); *cf. Phelps v. Wichita Eagle–Beacon*, 886 F.2d 1262, 1268–69 (10th Cir.1989) (allegations that defendants placed "defamatory cloud" over plaintiff's "employment opportunities," without evidence of present harm to established business relationships, deemed mere "speculative future harm" too intangible to implicate liberty or property interest).

For the reasons expressed above, we conclude that this case has become moot. Accordingly, this appeal is DISMISSED, and the cause is REMANDED to the United States District Court for the District of Kansas with directions to vacate its judgment and dismiss the action for want of jurisdiction. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950).

---

**3.** We emphasize the quite limited character of the USAF decision in this case. The USAF determined only that Plaintiff should not be permitted access to BMAC's Air Force One project area. It did not generally revoke Plaintiff's security clearance, which could conceivably have had a more objectively demonstrable effect on specifiable employment opportunities with other firms requiring such clearances as a condition of hire. We do not mean to suggest, however, that demonstration of such adverse consequences would have any significance beyond the threshold question of mootness. As the district court's opinion aptly reflects, pertinent

case law would present Plaintiff a virtually insurmountable task on the merits. *See Hill*, 844 F.2d at 1409, 1411–13 (*Egan* removes any doubt regarding federal courts' lack of authority to review substance of security clearance decisions, and plaintiff's constitutional allegations advanced in connection therewith provided no independent basis permitting federal courts to pass on merits of such decisions); *see also Dorfmont v. Brown*, 913 F.2d 1399, 1401–04 (9th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 1104, 113 L.Ed.2d 214 (1991); *Jamil*, 910 F.2d at 1205–06, 1209; *Williams v. Reilly*, 743 F.Supp. 168, 171–72 (S.D.N.Y.1990).