974 F.2d 1246
 In re TEXAS INTERNATIONAL CORPORATION, Debtor.
DAIS-NAID, INCORPORATED, formerly known as Arthur Lipper
Corporation, Appellant,
v.
PHOENIX RESOURCE COMPANIES, INCORPORATED; Goldman, Sachs
and Company, Appellees.
 No. 91-6402.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 10, 1992.
 
 Stephen W. Elliott and Steven J. Goetzinger of Pringle & Pringle, Oklahoma City, Okl., for appellant.
 Kwame T. Mumina and Gary S. Chilton of Andrews Davis Legg Bixler Milsten & Price, Oklahoma City, Okl., and Theodore Gewertz of Wachtell Lipton Rosen & Katz, New York City, for appellees.
 Before MOORE, BARRETT, and BRORBY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case began as an adversary suit arising from the bankruptcy proceedings of Texas International Corporation. Pursuant to the terms of a confirmed reorganization plan, on November 16, 1990, Arthur Lipper, III was elected to the board of directors of the reorganized entity, Appellee Phoenix Resource Companies, Inc. That same date, the majority shareholder of Phoenix Resource, Goldman, Sachs & Co., voted to remove Lipper from the board, pursuant to certain provisions in Phoenix Resource's amended certificate of incorporation and amended bylaws.
 
 
 2
 Alleging that Lipper's removal was contrary to the terms and intent of the reorganization plan, Appellant Dais-Naid, Inc., a creditor of Phoenix Resource, brought suit against Phoenix Resource and Goldman, Sachs, seeking an order reinstating Lipper to Phoenix Resource's board of directors.[1] The bankruptcy court granted summary judgment to Appellees, holding that, under the terms of the reorganization plan, Lipper's removal was proper. The district court affirmed; Dais-Naid appeals.[2]
 
 
 3
 Our jurisdiction over this appeal arises from 28 U.S.C. § 158(d). See Eddleman v. United States Dep't of Labor, 923 F.2d 782, 784 (10th Cir.1991). However, Appellees challenge our review of the merits, contending that the appeal has become moot. "The mootness question necessarily constitutes our threshold inquiry, because the existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of the federal courts." Beattie v. United States, 949 F.2d 1092, 1093 (10th Cir.1991). Our consideration of this issue is de novo. See Downtown Medical Ctr./Comprehensive Health Care Clinic v. Bowen, 944 F.2d 756, 762 (10th Cir.1991) (subject matter jurisdiction generally); Williams v. United States Gen. Servs. Admin., 905 F.2d 308, 310 (9th Cir.1990) (mootness). Appellees have moved, pursuant to 10th Cir.R. 27.2, to dismiss the case, alleging that, even had Lipper remained on Phoenix Resource's board of directors, his term would have expired in May of 1992. Appellees submitted documentation establishing that, had Lipper served on the board, his term would have expired on May 11, 1992, when Phoenix elected a new board of directors at its annual meeting. Appellant argues that Lipper's term would not have expired until November of 1992, but does not challenge or dispute Appellees' documentation.
 
 
 4
 We interpret the terms of Phoenix Resource's reorganization plan de novo as a question of law. See Unsecured Creditors Comm. v. Prince (In re Prince), 127 B.R. 187, 189 (N.D.Ill.1991). Our review of the motion to dismiss and subsequent responses and replies persuades us that the appeal is indeed moot. Dais-Naid's complaint seeks only equitable relief: the reinstatement of Lipper on Phoenix Resource's board of directors. Because, under the provisions of the reorganization plan, Lipper's term, had he served, would have expired May 11, 1992, we can no longer provide the relief Dais-Naid seeks. See id. at 1093-94 (absent claim for damages, plaintiff's voluntary termination of employment mooted civil rights claims in connection with that employment); Keyes v. School Dist. No. 1, 895 F.2d 659, 664 (10th Cir.1990) (case is moot where reviewing court cannot grant effective relief), cert. denied, --- U.S. ----, 111 S.Ct. 951, 112 L.Ed.2d 1040 (1991).[3]
 
 
 5
 Accordingly, Appellees' motion is GRANTED; this appeal is DISMISSED as moot. The action is REMANDED to the district court to vacate its order as moot and to remand to the bankruptcy court with directions to vacate its grant of summary judgment to Appellees and to dismiss the action for want of jurisdiction. See Beattie, 949 F.2d at 1095 (citing United States v. Munsingwear, Inc., 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950)).
 
 
 
 [1]
 Lipper is currently president, chief executive officer, and majority shareholder of Dais-Naid, Inc
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 In its Supplemental Response to the motion to dismiss, Dais-Naid argues that "a substantial question still exists about the validity of corporate actions taken by Phoenix Resource with ... an improperly constituted board of directors." While we do not ordinarily consider issues raised for the first time on appeal, United States v. Alamillo, 941 F.2d 1085, 1086 (10th Cir.1991), we note that this vague allegation of underlying injury cannot save Dais-Naid's suit from mootness. See Beattie, 949 F.2d at 1094