In re L.F. JENNINGS OIL
COMPANY, Debtor,

NEW MEXICO ENVIRONMENT
DEPARTMENT, Appellant,

v.

John F. FOULSTON, Successor Trustee
for the Estate of L.F. Jennings Oil
Company, Debtor, Appellee.

No. 93–2001.

United States Court of Appeals,
Tenth Circuit.

Sept. 8, 1993.

As Amended on Motion for Clarification
Nov. 3, 1993.

Felicia L. Orth and Geoffrey Sloan, Sp. Assts. Atty. Gen., Assts. Gen. Counsel, Office of Gen. Counsel, N.M. Environment Dept., Santa Fe, NM, for appellant.

James R. Jurgens of Jurgens, Tallmadge & With, P.A., Santa Fe, NM, for appellee.

Before LOGAN and BRORBY, Circuit Judges, and BRIMMER,* District Judge.

LOGAN, Circuit Judge.

At the heart of this appeal[1] are three properties, former gas stations that once belonged to the debtor, L.F. Jennings Oil Company. They are known as the Carrizozo Mart (Carrizozo), the Midtown Mart 1 (Midtown), and the Capitan Mart (Capitan). After Jennings filed for Chapter 7 bankruptcy protection, the trustee sought to sell the properties. In the process, he obtained tank and soil tests on all three sites, which evidenced contamination in excess of 100 parts per million at each site. The trustee reported these results to the New Mexico Environment Department (NMED), as required by state law.

The trustee subsequently concluded that the bankruptcy estate had no equity in the properties; accordingly, he filed motions to abandon them pursuant to 11 U.S.C. § 554(a). Although the NMED had notice of the sites' contamination and of Jennings' bankruptcy, it did not enter an appearance in the bankruptcy proceeding, and therefore did not receive notice of the abandonment motions.

The bankruptcy court allowed abandonment of the properties, and the NMED subsequently filed a motion for reconsideration requesting that the bankruptcy court quash its previous abandonment orders. After a hearing the bankruptcy court denied the NMED's motion.[2] In its oral ruling, the court stated that the NMED should have entered an appearance and objected to the abandonment motions in a timely fashion, and concluded that none of the properties represented an immediate threat to public health or safety such that the abandonment was improper.

The NMED appealed this decision to the district court, but did not seek a stay. The successor trustee moved to dismiss the appeal as moot as to two of the properties, Carrizozo and Midtown, which by that time had been deeded to third-party purchasers. On November 30, 1992, the district court filed a memorandum opinion and order, denying the trustee's motion to dismiss, and affirming the bankruptcy court's decision denying reconsideration of its order allowing abandonment.

■ The NMED now appeals, contending that the trustee's abandonment of the properties contravened the state's environmental laws and violated the Supreme Court's ruling in *Midlantic National Bank v. New Jersey Department of Environmental Protection,* 474 U.S. 494, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(d). We agree with the district court that the facts of this case are not contested. We review the bankruptcy court's legal determinations de novo. *Clark v. Valley Fed. Sav. & Loan Ass'n (In re Reliance Equities, Inc.),* 966 F.2d 1338, 1340 (10th Cir.1992).

■ Initially, we address the trustee's contention that this appeal is moot as to Carrizozo and Midtown. " 'The mootness question necessarily constitutes our threshold inquiry, because the existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of the federal courts.' " *Dais–Naid, Inc. v. Phoenix Resource Cos. (In re Texas Int'l Corp.),* 974 F.2d 1246, 1247 (10th Cir.1992) (quoting *Beattie v. United States,* 949 F.2d 1092, 1093 (10th Cir.1991)). We review the mootness issue de novo. *Id.* Our review of the district court's order, together with the undisputed facts concerning events subsequent to the bankruptcy court's abandonment orders, con-

---

* Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. The NMED's motion for reconsideration expressly discusses only two of the three properties, as does the trustee's response to that motion. However, at the hearing the bankruptcy court heard evidence regarding all three properties, the parties' proposed factual findings and conclusions of law discuss all three properties, and the bankruptcy court's ruling refers to all three properties. On appeal to the district court and to this court, the parties continue to discuss all three properties. Therefore, we do likewise.

vinces us that this appeal is moot with respect to Carrizozo and Midtown.

■ The record reveals that the tanks were removed from the Carrizozo and Midtown sites, that the NMED issued letters with respect to these properties, essentially recognizing that they do not pose a serious threat to public health and safety, and that the properties were sold to third-party good faith purchasers. Under these facts, none of which the NMED contests, it is clear that no live controversy with respect to the Carrizozo and Midtown sites still exists, nor did it exist when the district court decided the case. *See Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990) (case or controversy required at all stages of federal review); *Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.),* 816 F.2d 238, 242 (6th Cir.1987) (dispute as to abandoned property moot). Nonetheless, the NMED asserts two points in favor of its position that this appeal is not moot regarding these two properties. First, it contends that "the conflict remains squarely drawn," and argues that this court can still grant effective relief as to Carrizozo and Midtown. Second, it contends that this dispute falls within the "capable of repetition yet evading review" exception to the mootness doctrine.

The NMED's first argument is not persuasive. It characterizes the conflict as "whether the Bankruptcy Court can approve abandonment of contaminated estate property without first requiring the trustee to comply with state environmental laws and regulations designed to protect public health and safety." Appellant's Br. at 18. The evidence indicates the Carrizozo and Midtown sites have been cleaned up to the NMED's satisfaction. The determination whether the bankruptcy court abandoned these properties in error, therefore, would have no practical significance. *See Smith v. United States (In re Smith),* 921 F.2d 136, 139 (8th Cir.1990); *Martin–Trigona v. Shiff,* 702 F.2d 380, 386 (2d Cir.1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or *is no longer needed.*") (emphasis added).

Additionally, it is clear from the record and the NMED's own arguments that effec-tive relief cannot be granted on this issue as to Carrizozo and Midtown. The NMED's motion for reconsideration requested that the bankruptcy court quash its abandonment orders, and order the trustee to investigate the tank sites and perform any necessary cleanup. Now, despite the undisputed lack of any threat from these properties, the NMED maintains that effective relief can still be had: "the Court should ... hold, *without requiring further action,* that the abandonment of [Carrizozo and Midtown] before environmental laws were satisfied was error." Appellant's Br. at 19. Such an order would grant no effective relief. *See Lewis,* 494 U.S. at 479–80, 110 S.Ct. at 1254–55 (declining review due to mootness where appellee's only remaining request was to have statute declared unconstitutional). Accordingly, it appears to this court that, at best, the NMED is seeking an advisory opinion on this issue as to Carrizozo and Midtown. *See Sullivan Cent. Plaza, I, Ltd. v. BancBoston Real Estate Capitol Corp. (In re Sullivan Cent. Plaza, I, Ltd.),* 914 F.2d 731, 735 (5th Cir.1990) ("The mootness doctrine avoids advisory opinions on abstract propositions of law."), *aff'd on reh'g on other grounds,* 935 F.2d 723 (1991). This conclusion is bolstered by the NMED's various arguments on appeal seeking future guidance from this court on what it views as an important issue.

■ We also disagree with the NMED's contention that this issue is "capable of repetition yet evading review." While, generally speaking, the circumstances are likely to repeat themselves insofar as a trustee in bankruptcy may seek to abandon properties that require environmental cleanup pursuant to state regulation, the issue does not inherently escape review. Outside of a vague reference to the short time deadlines in bankruptcy proceedings, the NMED does not argue otherwise. *See Beattie,* 949 F.2d at 1094 n. 2 (issue must, by its own nature, be "so ephemeral as to elude the processes of federal review"). We expect that the NMED will have ample opportunity to contest this issue in each case where it arises, should it properly enter an appearance and file a request for notice pursuant to the bankruptcy rules. The NMED cannot rely on its own failure to follow such rules to support its argument that the exception applies.

Additionally, the NMED could have requested a stay if it thought the properties represented an immediate threat to public health and safety. *See Official Comm. of Unsecured Creditors of LTV Aerospace & Defense Co., v. Official Comm. of Unsecured Creditors of LTV Steel Co. (In re Chateaugay Corp.),* 988 F.2d 322, 325–26 (2d Cir. 1993) (mootness in light of failure to seek stay "especially pertinent in bankruptcy proceedings"); *In re Sullivan Cent. Plaza, I, Ltd.,* 914 F.2d at 733 (failure to obtain a stay will result in court's inability to grant effective relief once property sold); *Cook v. Fletcher (In re Cook),* 730 F.2d 1324, 1326 (9th Cir.1984) (failure to seek stay supported court's conclusion that appeal was moot). The NMED's arguments that it did not seek a stay in light of the purchasers' agreements to perform cleanup activities at Carrizozo and Midtown merely beg the question. We conclude that this appeal is moot as to Carrizozo and Midtown.

■ We reach the merits of the NMED's argument that the bankruptcy court allowed abandonment in violation of the Supreme Court's opinion in *Midlantic,* but only as to the remaining property, the Capitan site.[3] *Midlantic* holds that "[n]either the Court nor Congress has granted a trustee in bankruptcy powers that would lend support to a right to abandon property in contravention of state or local laws designed to protect public health or safety." 474 U.S. at 502, 106 S.Ct. at 760. However, this exception to the trustee's abandonment powers under bankruptcy law "is a narrow one." *Id.* at 507 n. 9, 106 S.Ct. at 762 n. 9. As the parties' arguments on appeal apparently recognize, before abandonment of a property can violate *Midlantic* the property must represent an immediate and identifiable harm to public health or safety. *See id.; Borden, Inc. v. Wells–Fargo Business Credit (In re Smith–Douglass, Inc.),* 856 F.2d 12, 16 (4th Cir.1988).

■ It is abundantly clear from the record on appeal that Capitan was not, at the time of abandonment, an immediate threat to public health or safety. The record shows that 1) the Capitan site was not listed on the state's list of contaminated sites, indicating that the NMED was not considering further testing or investigation of the site, 2) there was insufficient data from which the NMED's own expert could state that Capitan was a present threat, and 3) the trustee's only violation of state law at the time of abandonment was failure to file reports. Under these facts, we agree with the bankruptcy and district courts that Capitan did not pose an immediate threat to public health or safety. Accordingly, the bankruptcy court's order allowing abandonment of that property did not violate *Midlantic.*

The judgment of the United States District Court for the District of New Mexico is AFFIRMED as to the Capitan site. As to the Carrizozo and Midtown sites, this appeal is DISMISSED as moot.

## ORDER

Nov. 3, 1993.

Appellee, Oralia Franco, successor trustee to John E. Foulston, previous trustee for the Estate of L.F. Jennings Oil Company, debtor, has filed a Motion for Clarification of Opinion concerning the effect of this court's

---

**3.** We decline to address the parties' arguments regarding the NMED's failure to object to the proposed abandonment before the bankruptcy court order. The parties characterize the bankruptcy court's order as a ruling that the NMED was barred from objecting to the abandonment after the bankruptcy court's decision or that the NMED waived its right to challenge the abandonment by failing to object before the bankruptcy court's decision. Neither characterization appears to be correct. The bankruptcy court's order does not state the basis for its decision denying the NMED's motion for reconsideration. The transcript of the court's oral ruling, however, clearly states that the court had two reasons for denying the motion: the NMED should have entered an appearance, filing a request for notice, and, even had the NMED presented its case before the bankruptcy court allowed abandonment, the merits did not support a decision denying abandonment. The bankruptcy court's ruling does not indicate that the NMED's failure to object in a timely fashion was a legally independent reason to deny its motion, nor did the court say that such failure constituted a waiver by NMED or resulted in a bar to NMED's challenge of the abandonment orders. Indeed, the court ruled on the merits of the NMED's evidence. We do likewise.

remand of the captioned action pursuant to *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950). The appeal challenged the abandonment of three properties pursuant to 11 U.S.C. 554(a). This court's opinion affirmed the appeal as to one property, and dismissed the appeal as to the remaining two properties on mootness grounds. We remanded to the district court, with the further order to remand to the bankruptcy court to vacate its abandonment orders and its denial of reconsideration as to the two properties. Appellee contends that the effect of the bankruptcy court's vacating its orders and denial of reconsideration may be to bring the two properties back into the bankruptcy estate, citing 11 U.S.C. 554(d).

Appellant has responded, and disagrees with appellee's concern, citing 11 U.S.C. 363(m). Appellant also argues generally for the application of *Munsingwear* to "safeguard[ ] the future interests of litigants against the res judicata effect of the lower court decision." Finally, appellant notes its indifference to the remand instructions, based on its stated intent not to relitigate the abandonment orders.

Under the facts of this case, where the two properties have been sold to third parties, we recognize the problem created by the wording of our opinion's remand under *Munsingwear.* By our order, we did not intend to require the two abandoned properties that were sold to bona fide purchasers to be returned to the bankruptcy estate. We also believe that the precedential value of the bankruptcy and district courts' rulings on the properties have been minimized by our opinion on appeal. Therefore, we grant appellee's motion and amend the final paragraph of this court's opinion in the captioned case, dated September 8, 1993, to read as follows:

[Editor's Note: Amendment has been incorporated into published opinion.]