**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

W. WESLEY WALLACE,
individually; NATIONAL PUBLIC
LANDS COUNCIL; FRED
ROBERTS, individually and as a
member of the National Public Lands
Council; FNF PROPERTIES, L.L.C., a
corporation, individually and as a
member of the National Public Lands
Council,

        Plaintiffs - Appellants,

v.

BUREAU OF LAND
MANAGEMENT, actually named as
"United States Bureau of Land
Management" an agency of the United
States Department of the Interior;
GALE NORTON, Secretary of the
nited States Department of the Interior
in her official capacity; KATHLEEN
CLARKE, Acting Director of the
Bureau of Land Management in her
official capacity; CALVIN N.
JOYNER, Field Manager of the San
Juan Field Office of the United States
Bureau of Land Management in his
official capacity; JEFF RAWSON,
Field Manager of the Kemmerer Field
Office in his official capacity; EDWIN
J. SINGLETON, Field Manager of the
Albuquerque Field Office in his
official capacity,

        Defendants - Appellees.

No. 04-1350

## ORDER AND JUDGMENT [*]

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Ranchers from Colorado, Wyoming, and New Mexico challenge the modification of their federal grazing permits and the requirements for obtaining a stay when the Bureau of Land Management (BLM) modifies permits. Because some of the plaintiffs have abandoned their claims and the remaining Plaintiff seeks only declaratory relief with respect to an as-applied challenge to an expired permit, the case is moot and we **VACATE** the judgment below and remand with instructions to **DISMISS** all claims for lack of jurisdiction.

## I. Background

The four Plaintiffs challenge decisions by the BLM to modify certain grazing permits issued under the Taylor Grazing Act, 43 U.S.C. § 315 et seq. W. Wesley Wallace is a rancher in Cortez, Colorado, and he has grazing permits for

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

several BLM allotments.  In November 2001, after Mr. Wallace was late in submitting his grazing application, the BLM reduced his grazing permit for the Cahone Mesa allotment from 1,734 animal unit months to 1,117.  In December 2001 Mr. Wallace appealed the BLM decision and filed a petition to stay its implementation, pursuant to 43 C.F.R. § 4.21(b).  In March 2001 the Interior Board of Land Appeals (IBLA) denied the stay request, and the reduction in grazing use became effective immediately.  Mr. Wallace subsequently dismissed his administrative appeals.

Fred Roberts is a rancher with a grazing permit for the Smiths Fork allotment in western Wyoming.  In August 2001 the BLM reduced the number of cattle and sheep that Mr. Roberts could graze, as well as the length of the grazing season.  None of these changes applied beyond the 2004 grazing season.  The next month Mr. Roberts appealed the decision and petitioned for a stay.  In January 2002 the IBLA denied the stay petition, holding that Mr. Roberts had not shown the likelihood of success on the merits required by 43 C.F.R. § 4.21(b).  The reduction took effect immediately .

The third Plaintiff, FNF Properties, holds a grazing permit for the El Malpais allotment in Cibola County and Catron County in New Mexico.  In December 1999 the BLM reduced the number of livestock that FNF could graze.

FNF did not file a stay petition and the decision went into effect. FNF appealed the decision and has since settled its case.

The final Plaintiff is the National Public Lands Council (NPLC). NPLC has identified as affected members only Mr. Roberts and FNF Properties, who are both named Plaintiffs.

The Plaintiffs argue that the modifications to their grazing permits should have been stayed pending appeal, notwithstanding 43 C.F.R. § 4.21. As of 1995, this regulation allows modifications to grazing permits to go into effect immediately unless the owner of the permit obtains a stay from the Interior Board of Land Appeals, and it makes the owner of the grazing permit bear the burden of proving that a stay is appropriate. *See* 60 Fed. Reg. 9950 (Feb. 27, 1995); 43 C.F.R. §4.21(b). Although the Plaintiffs challenge the modifications of their permits and the lack of an automatic stay, they seek only declaratory relief. The Plaintiffs have consistently characterized their suit as an as-applied challenge.

## II. Mootness

We requested supplemental briefing on mootness and prescribed a limit of eight pages for each brief. The Plaintiffs submitted a three-page brief, counting the cover and signature pages, that declined to make arguments other than those

made in the Reply Brief. The Government submitted an eighteen-page brief with several attachments. The Plaintiffs responded with a motion to strike the Government's supplemental brief. We decline to do so. Despite the Government's error in submitting a brief that exceeded the limit by ten pages, the Plaintiffs were hardly disadvantaged. They were not constrained by the eight-page limitation, given that they declined in supplemental briefing even to argue the question we posed. Accordingly, in this case, without evidence of willful misconduct, we deny the motion to strike the Government's supplemental brief.

We address the mootness of the claims as a "threshold inquiry, because the existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of the federal courts." *Dais-Naid, Inc. v. Phoenix Resource Cos. (In re Texas Int'l Corp.)*, 974 F.2d 1246, 1247 (10th Cir. 1991). We have power to consider only those cases where the resolution will affect the rights of the litigants. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). We review mootness de novo. *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005).

We conclude that the claims of all four Plaintiffs are moot. The claims of two Plaintiffs, Mr. Wallace and FNF Properties, are unarguably moot. Both dismissed their administrative appeals against the BLM, and without these appeals, we have no reason to stay the implementation of the BLM decisions. No

live controversy of any sort remains. Another Plaintiff, NPLC, has identified no affected members besides the named Plaintiffs, and thus has no distinct rights to vindicate. Its claims rise or fall with those of the remaining Plaintiff, Mr. Roberts. *Cf. Arizonans for Official English v. Arizona*, 520 U.S. 43, 65–66 ("An association has standing to sue or defend in such capacity, however, only if its members would have standing in their own right.").

Mr. Roberts challenges a BLM decision that was issued on August 2, 2001 and affected his permit that expired at the end of the 2004 grazing season. More recently, the BLM issued another final decision that defined grazing limits through 2015 for Mr. Roberts and the other holders of permits for the Smiths Fork allotment. Mr. Roberts and other permittees are currently challenging the new policy, and an administrative law judge has denied their petition for a stay.

Mr. Roberts offers two reasons not to treat his claim as moot. The first is that the claim falls within an exception to mootness for cases "capable of repetition yet evading review." *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911); *Roe v. Wade*, 410 U.S. 113, 125 (1973). Mr. Roberts's claim is certainly capable of repetition. Even though the challenged modification affected a permit that has expired, his new permit could be modified, and the grazing regulations that establish the procedures for obtaining a stay—the ones that Mr. Roberts objects to—are still in force. But a challenge to a grazing permit

modification or to the stay regulations will not evade review. The subsequent challenge to the grazing permits for 2005 through 2015 is winding its way through administrative hearings. Mr. Roberts could challenge an adverse judgment in federal court and seek injunctive relief. And the expiration or renewal of Mr. Roberts's grazing permit, recently extended through 2015, would not moot a facial challenge to the regulations for obtaining a stay.

Second, Mr. Roberts claims that the agency's cessation of an action does not moot his challenge to a policy. We might consider this argument if a facial challenge to the agency policy had been made, but with an as-applied challenge we consider the policy *only* as it applies in a particular circumstance to a particular plaintiff. Therefore, because Mr. Roberts asks (1) only for declaratory relief (2) in an as applied challenge (3) to an expired grazing permit, his claims, like those of the other Plaintiffs, are moot.

Both parties have requested that the judgment below be vacated if we find the claims moot. We agree that vacature is appropriate because the expiration of the grazing permit was beyond their control. *See Shawnee Tribe v. United States*, 405 F.3d. 1121, 1135 (2005).

### III. Conclusion

Because all of the Plaintiffs' claims are moot, we **VACATE** the district court's decision and remand with instructions to **DISMISS** the claims. Appellant's motion to strike, is **DENIED** .

Entered for the Court,

Michael W. McConnell
Circuit Judge