Wiley Y. Daniel Senior United States District Judge
I. INTRODUCTION
THIS MATTER is before the Court on the Motion to Dismiss Claims Against Defendant Bureau of Prisons ("BOP") as Moot.[1] (ECF No. 117). A response was filed by Plaintiff on January 8, 2016, and a reply was filed on January 25, 2016.[2] For the reasons discussed below, I deny the motion.
II. BACKGROUND
This is a prisoner civil rights lawsuit. As set forth in detail in my previous Order dated December 4, 2015, I denied Defendants' motion to dismiss Plaintiff's Eighth Amendment claims for deliberate medical indifference as to individual Defendants Santini, Osagie, and Camacho. Relevant to the pending motion to dismiss, I also denied Defendants' motion as to Plaintiff's Eighth Amendment injunctive relief claims against the BOP. I granted Defendants' motion to dismiss as to Plaintiff's Rehabilitation Act claim. (ECF No. 113, Order at 12-19). My previous Order is incorporated by reference herein.
In the pending motion, Defendant BOP asserts that because Plaintiff was transferred to another BOP facility, his claims for injunctive relief against the BOP are moot. Specifically, Plaintiff's claims arise *1207 out of medical treatment he received while he was incarcerated at the U.S. Penitentiary-Administrative Maximum Security ("ADX") in Florence, Colorado. In recent months, Plaintiff was transferred to USP-Terre Haute, and is no longer housed at ADX. Defendant states that "there is no indication that [Plaintiff] would return to FCC-Florence anytime in the foreseeable future." (Mot. at 3). With this significant change in the condition of Plaintiff's confinement, Defendant BOP asserts that no prospective relief for Plaintiff's deliberate medical indifference claims remains available, and the injunctive relief claims against Defendant BOP should be dismissed as moot.
In response, Plaintiff argues that his claims for injunctive relief are not moot because I "still ha[ve] the power to grant relief against Defendant BOP ... or [I] can fashion [my] own remedy to redress the continued violation of [Plaintiff's] right to adequate medical care. (Resp. at 3). Plaintiff contends that Defendant BOP's Motion to Dismiss should be denied because despite his transfer to another facility, his medical needs have not changed. "The relief he is seeking is not institution-specific, but rather is properly characterized as constitutionally-adequate medical care wherever he is incarcerated by Defendant BOP." (Resp. at 6). Plaintiff also asserts that although he has been transferred to USP-Terre Haute, Defendant BOP continues its failure to provide adequate medical treatment for Plaintiff's Type 1 diabetes. Finally, Plaintiff argues that the doctrine of voluntary cessation applies to his injunctive claims.
III. ANALYSIS
A. The Legal Standard for Mootness
Whether a case is moot is a threshold inquiry the Court must address before addressing the merits of the case "because the existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of the federal courts." Beattie v. United States , 949 F.2d 1092, 1093 (10th Cir. 1991). The mootness doctrine relates to both '[t]he constitutional case or controversy requirement of Article III..., as well as the prudential considerations underlying justiciability.' " Jordan v. Sosa , 654 F.3d 1012, 1023 (10th Cir. 2011) (quotation omitted). "Accordingly, '[c]ourts recognize two kinds of mootness: constitutional mootness and prudential mootness.' " Id. (quoting Rio Grande Silvery Minnow v. Bureau of Reclamation , 601 F.3d 1096, 1121 (10th Cir. 2010) ). Defendant BOP asserts that Plaintiff's injunctive relief claims should be dismissed as moot based on both types of mootness.
" 'Under the constitutional mootness doctrine, the suit must present a real and substantial controversy with respect to which relief may be fashioned.' " Sosa , 654 F.3d at 1023-24 (quoting Fletcher v. United States , 116 F.3d 1315, 1321 (10th Cir. 1997) ). "Constitutional mootness is grounded in the requirement that 'any case or dispute that is presented to a federal court be definite, concrete, and amenable to specific relief.' " Sosa , 654 F.3d at 1024 (quotation omitted). "Consequently, the constitutional mootness doctrine focuses upon whether 'a definite controversy exists throughout the litigation and whether conclusive relief may still be conferred by the court despite the lapse of time and any change of circumstances that may have occurred since the commencement of the action.' " Id. (quotation omitted).
"[A] justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.' "
*1208 United States v. Juvenile Male , 564 U.S. 932, 131 S.Ct. 2860, 2864, 180 L.Ed.2d 811 (2011) (quotation omitted). Thus, mootness can be caused by events occurring after the complaint has been filed. S. Utah Wilderness Alliance v. Smith , 110 F.3d 724, 729 (10th Cir. 1997). According to the Tenth Circuit, " '[t]he hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.' " Unified Sch. Dist. No. 259 v. Disability Rights Ctr. of Kan. , 491 F.3d 1143, 1150 (10th Cir. 2007) (quoting N.M. Env't Dep't v. Foulston , 4 F.3d 887, 889 (10th Cir. 1993) ). The burden of demonstrating mootness " 'is a heavy one.' " Rezaq v. Nalley , 677 F.3d 1001, 1008 (10th Cir. 2012) (quotations and internal quotation marks omitted).
" 'Even if a case is not constitutionally moot, a court may dismiss [a] case under the prudential-mootness doctrine if the case is so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant.' " Sosa , 654 F.3d at 1024 (quoting Silvery Minnow , 601 F.3d at 1121 ) (further quotation and internal quotation marks omitted) ). "Prudential mootness therefore 'addresses not the power to grant relief[,] but the court's discretion in the exercise of that power.' " Id. (quoting S. Utah Wilderness Alliance , 110 F.3d at 727 (emphasis added) (further quotation and internal quotation marks omitted) ). "In general, the prudential mootness doctrine only applies where, as here, a plaintiff seeks injunctive or declaratory relief." Id. (citing Silvery Minnow , 601 F.3d at 1122 ; Bldg. & Constr. Dep't v. Rockwell Int'l Corp. , 7 F.3d 1487, 1492 (10th Cir.1993) ("All the cases in which the prudential mootness concept has been applied have involved a request for prospective equitable relief by declaratory judgment or injunction.") ).
" 'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief.' " Rezaq , 677 F.3d at 1008 (quoting O'Shea v. Littleton , 414 U.S. 488, 495-96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) ). Thus, when an injunction is sought, the plaintiff must show a continued susceptibility to injury. Sosa , 654 F.3d at 1024. " 'Similarly, in the context of an action for declaratory relief, a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant.' " Rezaq , 677 F.3d at 1008 (quotation omitted). " '[W]hat makes a declaratory judgment action a proper judicial resolution of a case or controversy rather than an advisory opinion is the settling of some dispute which affects the behavior of the defendant toward the plaintiff.' " Silvery Minnow , 601 F.3d at 1109-1110 (quotation omitted).
B. Injunctive Relief
In his Amended Complaint, Plaintiff requests that "an injunction be entered against all Defendants in their official capacities requiring medical care for [Plaintiff's] Type 1 diabetes be provided in accordance with community standards of care." (Am. Compl. ¶ 203).
Here, the question is whether Plaintiff's transfer from ADX to USP-Terre Haute renders this claim moot against Defendant BOP. I find the Tenth Circuit's opinion in Abdulhaseeb v. Calbone , 600 F.3d 1301 (10th Cir. 2010) instructive on this issue. In Abdulhaseeb , an inmate brought claims for monetary damages and injunctive relief against Oklahoma prison officials in their official capacities for violations of the Religious Use and Institutionalized Persons Act ("RLUIPA"), and the Court determined the claims were not moot despite plaintiff's transfer between state prisons. Id. at 1312. Of particular importance was the fact that plaintiff *1209 had sued the director of the Oklahoma Department of Corrections ("ODOC") and that plaintiff remained within the custody of ODOC. Id. The Tenth Circuit noted that "even if [the plaintiff] cannot recover money damages against any defendant or injunctive relief against the prison-specific defendants, the courts may still fashion some effective relief" because plaintiff's claims involved ODOC policies and the director of ODOC has final policymaking authority for that prison system. Id. The Tenth Circuit held that plaintiff's claims were not moot because a judgment in plaintiff's favor could effect change regarding the ODOC policies as to plaintiff. Id.
Given the reasoning set forth in Abdulhaseeb , I find that Plaintiff's injunctive relief claims against Defendant BOP are not moot. Even though Plaintiff has been transferred out of ADX, he is still in BOP custody and under the authority of the BOP. Further, because Plaintiff sued the BOP, I find that he has sued an entity capable of altering the manner in which it provides medical care for Plaintiff's Type 1 diabetes. Thus, consistent with Abdulhaseeb , relief remains available because Plaintiff is still incarcerated in BOP custody, subject to BOP policies, and a judgment in his favor may require the BOP to modify those policies. Id. The Tenth Circuit made clear in Rezaq that a case is not moot when there is some possible remedy, "even ... one not requested by the plaintiff ." ( Id. ) (emphasis added) (citing Church of Scientology, 506 U.S. at 12-13, 113 S.Ct. 447 ) ("While a court may not be able to return the parties to the status quo ante [,] ... a court can fashion some form of meaningful relief in circumstances such as these.") ).
IV. CONCLUSION
Based upon the foregoing, it is
ORDERED that the Motion to Dismiss Claims Against Defendant Bureau of Prisons as Moot (ECF No. 117) is DENIED .

The motion is filed only on behalf of Defendant BOP and not on behalf of the other named Defendants.

Plaintiff also filed three supplements to his response. While I carefully reviewed all of the pertinent materials related to this motion, I note that going forward, Plaintiff may not simply file piecemeal amendments and supplements to the allegations contained in his Amended complaint. Rule 15 permits supplemental pleadings "upon such terms as are just."