**Lupe COX, Plaintiff–Appellant,**

v.

**PHELPS DODGE CORPORATION,
and Chino Mines Company,
Defendants–Appellees.**

No. 92–2214.

United States Court of Appeals,
Tenth Circuit.

Dec. 28, 1994.

---

Anthony F. Avallone, Law Systems of Las Cruces, P.A., Las Cruces, NM (Thomas R. Figart, Law Systems of Las Cruces, P.A., with him on the brief), for plaintiff/appellant.

Charles L. Chester, Ryley, Carlock & Applewhite, Phoenix, AZ (Michael D. Moberly, Ryley, Carlock & Applewhite, with him on the brief), for defendants/appellees.

Before BALDOCK, BARRETT, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

Plaintiff–Appellant Lupe Cox ("Cox") appeals the district court's decision following a bench trial that Defendants–Appellees Phelps Dodge Corporation and Chino Mines Company (collectively referred to as "Chino Mines") were not liable under Title VII of the Civil Rights Act of 1964, codified as amended at 42 U.S.C. §§ 1981a, 2000e–2000e–17 ("Title VII"), for the gender-related hostile work environment to which the court found that Cox had been subjected. At trial, Cox asserted three claims: (1) that she had been subjected to sexual discrimination based on a hostile work environment in violation of Title VII; (2) that Chino Mines had retaliated against her for pursuing this claim; and (3) that Chino Mines intentionally inflicted emotional distress upon her in violation of state law. The district court ruled against Cox on both her retaliation and state law claims, and she does not appeal those rulings. Important among the unappealed rulings was a finding by the district court that Cox was discharged for valid non-discriminatory reasons that were unrelated to her sex or to her prior complaints of sexual harassment.

With regard to her first claim for sexual harassment under Title VII, the district court ruled that Cox had been subjected to a hostile work environment because of acts of sexual harassment by several employees and supervisors at Chino Mines. Chino Mines does not appeal that ruling, although it suggests that we could reexamine it as a possible alternative basis for affirming the district court. However, notwithstanding its ruling that Cox experienced a hostile work environment, the district court ruled that the corporate employer, Chino Mines, was not liable because those employees who engaged in harassment were not acting as agents of the company. See Hirschfeld v. New Mexico Corrections Dep't, 916 F.2d 572, 576 (10th Cir.1990). It is that ruling which Cox appeals.

■ Given the unappealed ruling that Cox was validly discharged for nondiscriminatory and non-retaliatory reasons, Cox no longer can assert a viable claim because she has no redressable injury under Title VII as that statute existed at the time of the conduct in question. Thus, we dismiss this appeal and vacate the district court's judgment on the issue appealed, as the issue presented is moot and does not present a justiciable case or controversy.[1]

## DISCUSSION

As the district court correctly observed, Cox's Title VII claim of sexual harassment is governed by pre–1991 Civil Rights Act law.[2] Under Title VII prior to the 1991 amendments, plaintiffs were not entitled to recover damages for pain and suffering, punitive damages, consequential damages, or nominal damages; plaintiffs were restricted to the traditional equitable remedies of reinstatement, back pay, and front pay, as well as declaratory and injunctive relief. United States v. Burke, —— U.S. ——, ——, 112 S.Ct. 1867, 1873, 119 L.Ed.2d 34 (1992); Griffith v. Colorado, Div. of Youth Servs., 17 F.3d 1323, 1327 (10th Cir.1994). Cox's Title VII claim cannot merit an award of back pay, front pay or reinstatement because the district court concluded that her termination was not related to the sexual harassment, but rather was based on valid, non-pretextual

---

1. While the question of mootness was not briefed or argued in this case, we must consider this issue *sua sponte* as it implicates our jurisdiction. *St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 537, 98 S.Ct. 2923, 2927–28, 57 L.Ed.2d 932 (1978).

2. Cox does not appeal the district court's ruling that the 1991 Civil Rights Act did not apply retroactively—a holding recently adopted by the Supreme Court in *Landgraf v. USI Film Prods.*, —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

reasons. Cox did not appeal that finding, nor did she raise a claim that the sexual harassment itself affected her pay or position. Furthermore, Cox did not seek to demonstrate the need for injunctive relief. That leaves only a possible claim for declaratory relief.

■■■ Cox's request for declaratory relief under 28 U.S.C. § 2201 and Title VII cannot be considered by this court because Cox's lack of any present or probable future connection to Chino Mines moots her claim for relief. Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing.[3] *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78, 110 S.Ct. 1249, 1253–54, 108 L.Ed.2d 400 (1990). The touchstone of the mootness inquiry is whether the controversy continues to "touch[ ] the legal relations of parties having adverse legal interests" in the outcome of the case. *DeFunis v. Odegaard,* 416 U.S. 312, 317, 94 S.Ct. 1704, 1706, 40 L.Ed.2d 164 (1974) (per curiam) (quoting *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937)). This "legal interest" must be more than simply the satisfaction of a declaration that a person was wronged. *Ashcroft v. Mattis,* 431 U.S. 171, 172–73, 97 S.Ct. 1739, 1740, 52 L.Ed.2d 219 (1977) (per curiam) (holding that a claim for declaratory relief is moot when no "present right" is involved and the primary interest is the emotional satisfaction from a favorable ruling).[4]

■■■ It is well established that what makes a declaratory judgment action "a proper judicial resolution of a 'case or controversy' rather than an advisory opinion—is [ ] the settling of some dispute which affects the behavior of the defendant toward the plaintiff."

*Hewitt v. Helms,* 482 U.S. 755, 761, 107 S.Ct. 2672, 2676, 96 L.Ed.2d 654 (1987); *see also Rhodes v. Stewart,* 488 U.S. 1, 4, 109 S.Ct. 202, 203–04, 102 L.Ed.2d 1 (1988) (per curiam) (explaining that as the plaintiffs are no longer in prison, their case against prison officials is moot). Hence, this court has explained that a "plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future." *Facio v. Jones,* 929 F.2d 541, 544 (10th Cir.1991).

■■■ Employing this analysis, we have concluded that a legitimate termination of employment moots a plaintiff's § 1983 claim for declaratory and/or injunctive relief relating to conditions of the plaintiff's employment. *Beattie v. United States,* 949 F.2d 1092, 1094 (10th Cir.1991). Other courts have agreed with this conclusion, *see Feit v. Ward,* 886 F.2d 848, 857–58 (7th Cir.1989) (equitable First Amendment challenge to policy prohibiting political protest by employees mooted by unchallenged discharge); *Sandidge v. Washington,* 813 F.2d 1025, 1025–26 (9th Cir.1987) (equitable First Amendment challenge to unfavorable job performance evaluation mooted by plaintiff's discharge as declaratory or injunctive relief would not provide him any meaningful relief), and have extended it to the Title VII context, *see Hampton v. IRS,* 913 F.2d 180, 182 (5th Cir.1990) (per curiam) (claims for equitable redress of discrimination under Title VII regarding conditions of employment mooted by subsequent unchallenged discharge); *Backus v. Baptist Medical Ctr.,* 671 F.2d 1100, 1102–03 (8th Cir.1982) (plaintiff mooted equitable claims regarding alleged sex discrimination where he "voluntarily removed himself from the impact of the challenged practice by discontinuing his employment [and] abandoning his claim for damages").[5] While a few dis-

---

**3.** This basic principle of mootness governs cases brought both under the Declaratory Judgment Act, *Miller v. Udall,* 368 F.2d 548, 549 (10th Cir.1966), as well as under Title VII, *Wright v. St. John's Hosp.,* 414 F.Supp. 1202, 1208 (N.D.Okla. 1976).

**4.** Of course, an interest in attorney's fees is insufficient to create an Article III case or controversy

where a case or controversy does not exist on the merits of the underlying claim. *Lewis,* 494 U.S. at 480, 110 S.Ct. at 1255.

**5.** The termination of Cox's employment also precludes the application of the "capable of repetition, yet evading review" exception to the mootness doctrine, since there is no showing that this controversy is likely to recur as to Cox or that the

trict courts have allowed for an award of declaratory relief in such cases, they have done so upon legal theories which have been eschewed by this court.[6]

Because we decline on mootness grounds to issue a ruling on the issue of Chino Mines' liability, we deem it appropriate to vacate that part of the district court opinion which addressed the issue.

## CONCLUSION

Cox's request for relief is mooted by the legitimate termination of her employment; therefore, we cannot consider whether Chino Mines would otherwise be liable for the hostile work environment to which she was subjected. Hence, we DISMISS this appeal, VACATE the district court's judgment only on the question of Chino Mines' liability for the hostile work environment claim and REMAND for the district court to modify its opinion accordingly.

---

nature of the Title VII violation makes it so ephemeral as to elude judicial review. *Beattie*, 949 F.2d at 1094 n. 2.

**6.** One court suggested that as employment discrimination cases are "in effect, class action[s]," even if an employee was justifiably discharged, the employee is still entitled to declaratory relief because labelling the employer's conduct as illegal would preclude such conduct in the future. *Snow v. Nevada Dep't of Prisons*, 582 F.Supp. 53, 64 (D.Nev.1984). Another court stated that the value of clearing one's name for future employment opportunities justified the award of declaratory relief. *Fisher v. Dillard Univ.*, 499 F.Supp.

525, 536 (E.D.La.1980). That position was explicitly rejected by the Tenth Circuit in the § 1983 context in *Beattie*, when we held that any such injury was "simply too speculative to support the exercise of federal jurisdiction." 949 F.2d at 1095. Another court took a less rigorous (and constitutionally suspect) view of the mootness inquiry, allowing a suit for declaratory relief to proceed so as to allow a plaintiff his/her "day in court." *See Mitchell v. OsAir, Inc.*, 629 F.Supp. 636, 644 (N.D.Ohio 1986), *appeal dismissed*, 816 F.2d 681 (6th Cir.1987). As mentioned above, we decline to follow any of these district court opinions.