54 F.3d 788
 68 Fair Empl.Prac.Cas. (BNA) 256
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Belinda MARTIN, Plaintiff - Appellant,
v.
NANNIE AND THE NEWBORNS, INC.; Larry D. Gudgel, Defendants -
Appellees.
 No. 94-6365.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDESON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Belinda Martin appeals from the dismissal of her Title VII action as moot. For the following reasons, we affirm.
 
 BACKGROUND
 
 3
 Ms. Martin was employed by defendant Nannie and the Newborns, Inc. ("N & N") and defendant Larry Gudgel, the owner of N & N. After she was fired on May 18, 1990, she filed a charge of discrimination with the Oklahoma Human Rights Commission, as well as a formal complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that Mr. Gudgel had intimidated and sexually harassed her and had fired her to prevent her disclosure of his actions. Upon receiving a right-to-sue letter from the EEOC, she filed a Title VII action, 42 U.S.C. Sec. 2000, et seq., alleging sexual harassment, along with pendent state law claims. She sought general, compensatory and punitive damages, as well as "any other relief at law or in equity or available under the Civil Rights Act of 1964." Complaint, Appellees' App., Tab 1.[1]
 
 
 4
 This court ultimately affirmed the district court's grant of summary judgment to the defendants on Ms. Martin's quid pro quo harassment claim, but we remanded for a trial on her hostile environment claim. Martin v. Nannie and the Newborns, Inc., 3 F.3d 1410 (10th Cir. 1993).
 
 
 5
 Defendants thereafter filed a motion for partial summary judgment, alleging that the Civil Rights Act of 1991 should not apply retroactively to this case, that Ms. Martin was not entitled to any equitable relief because her termination would have occurred anyway, that Mr. Gudgel is not individually liable under Title VII, and that N & N is not liable for any sexual harassment committed by Max Clark, a colleague of Ms. Martin's. The Supreme Court subsequently held in Landgraf v. U.S.I. Film Products, 114 S. Ct. 1483 (1994), that the Civil Rights Act of 1991 should not apply retroactively. Defendants thereafter filed a supplemental brief in support of their summary judgment motion, alleging that Ms. Martin's entire case should be dismissed as moot. The district court requested supplemental briefing on what remedies would be available to Ms. Martin should she prevail on her hostile environment claim, and ultimately dismissed her case as moot. This appeal followed. Defendants seek attorneys fees and costs as sanctions against Ms. Martin for pursuing what they view as a frivolous appeal.
 
 DISCUSSION
 
 6
 "Under Title VII prior to the 1991 amendments, plaintiffs were not entitled to recover damages for pain and suffering, punitive damages, consequential damages, or nominal damages; plaintiffs were restricted to the traditional equitable remedies of reinstatement, back pay, and front pay, as well as declaratory and injunctive relief." Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1347 (10th Cir. 1994). Because the conduct of which she complains occurred prior to the effective date of the 1991 amendments, and because the amendments are not retroactive, Ms. Martin is confined, as she concedes, to the Title VII remedies available prior to the amendments. Thus, she may not obtain compensatory or punitive damages. Additionally, in our previous opinion in this case, we affirmed the district court's finding that Ms. Martin had "'presented no facts in rebuttal of defendants' evidence that plaintiff's poor job performance, rather than Gudgel's advances explained her termination."' Martin, 3 F.3d at 1416 (quoting district court Order at 3). Accordingly, Ms. Martin could not seek, nor does she, reinstatement. See Cox, 43 F.3d at 1347-48. Rather, her only argument in this appeal is that the district court improperly dismissed her claim as moot because she could receive "equitable relief as is 'deemed appropriate' by this court including at the very least a nominal [award] of damages and her costs and fees." Appellant's Brief at 3. We disagree.
 
 
 7
 We recently held that "nominal damages are compensatory in nature and since Title VII provides for equitable, not legal relief, nominal damages must not be awarded under Title VII." Griffith v. State of Colo., 17 F.3d 1323, 1327 (10th Cir. 1994). We recognized that there is a split among the courts as to whether nominal damages may be awarded under Title VII, but we nonetheless clearly determined that they may not in this circuit. Ms. Martin may not, therefore, seek nominal damages.
 
 
 8
 We agree with the district court that Ms. Martin is also foreclosed from seeking declaratory relief. As we recently explained in a similar case, a plaintiff's "request for declaratory relief ... under Title VII cannot be considered by this court because [her] lack of any present or probable future connection to [her former employer] moots her claim for relief." Cox, 43 F.3d at 1348. Thus, her "legitimate termination of employment" moots her Title VII claim for declaratory and/or injunctive relief. Id. (citing Beattie v. United States, 949 F.2d 1092, 1094 (10th Cir. 1991)).
 
 
 9
 We further affirm the district court's conclusion that, having no remedy with which to avail herself, Ms. Martin cannot be deemed the prevailing party for the purposes of an award of attorneys fees. See Rhodes v. Stewart, 488 U.S. 1, 3-4 (1988) (per curiam); Esparza v. Valdez, 862 F.2d 788, 795 (10th Cir. 1988), cert. denied, 492 U.S. 905 (1989).
 
 
 10
 We decline defendants' request to impose sanctions on Ms. Martin.
 
 
 11
 For the foregoing reasons, the decision of the district court dismissing as moot Ms. Martin's Title VII action, and dismissing without prejudice her state law claims, is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 As we explain more fully infra, under the Civil Rights Act prior to its amendment in 1991, plaintiffs could only seek the traditional equitable remedies of reinstatement, back pay, front pay, declaratory relief or injunctive relief. The 1991 amendments permit the recovery of compensatory damages. Thus, Ms. Martin sought 1991 Act remedies