F I L E D
**United States Court of Appeals
Tenth Circuit**

**MAY 8 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

FRED W. PHELPS, SR.

      Plaintiff-Appellant,

  and

EDWARD F. ENGEL,

      Plaintiff,

v.

JOAN HAMILTON, in her official
capacity as District Attorney,

      Defendant-Appellee.

No. 96-3263
(D.C. No. 93-4042-KHV)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,[**] District Judge.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Fred W. Phelps, Sr., appeals the dismissal of his civil rights action arising out of six allegedly unlawful criminal defamation prosecutions filed against him. The district court dismissed the action on the ground that plaintiff no longer had standing to pursue it. We affirm the dismissal, but on the ground that the issues raised in this action are now moot.

Plaintiff is a Kansas resident who has been active since at least 1991 in a controversial campaign against homosexuality. During the course of this campaign, plaintiff allegedly made statements which formed the basis of six criminal defamation prosecutions filed against him in 1993. After the first two prosecutions were filed, plaintiff commenced this civil rights action[1] against defendant-appellee Joan Hamilton, in her official capacity as district attorney for Kansas' Third Judicial District, to invalidate Kansas' criminal defamation statute as facially overbroad, as well as to enjoin the prosecutions against him on the

---

[1]    Plaintiff Phelps brought this action with plaintiff Edward F. Engel, who had been indicted in 1991 for criminal defamation. Those charges were dropped before the institution of this action and no additional charges had been filed. Plaintiff Engel is not a party to this appeal.

ground that the statute was unconstitutionally applied to him[2] and overbroad on its face.

On cross motions for summary judgment, the district court ruled (1) that it need not abstain from intervening in the pending state court prosecutions, and (2) that the criminal defamation statute was unconstitutionally overbroad in that it did not require actual malice. See Phelps v. Hamilton, 828 F. Supp. 831, 845 & 850 (D. Kan. 1993), rev'd, 59 F.3d 1058 (10th Cir. 1995). The district court subsequently issued first a preliminary and then a permanent injunction, invalidating the statute and enjoining the prosecutions. Defendant appealed.

On appeal, we concluded that the Kansas courts would imply an actual malice standard and thus reversed the grant of summary judgment to plaintiff on his facial validity claim. Phelps v. Hamilton, 59 F.3d 1058, 1062 n.3 & 1073 (10th Cir. 1995).[3] With respect to his "as applied" challenge, we concluded that the district court could not enjoin the pending prosecutions unless plaintiff actually proved (rather than simply raised as an issue of fact) "that [they] had

_____

[2]    Plaintiff alleges in his complaint that "[t]he statute is unconstitutionally broad as applied because the statute is being applied as to these plaintiffs in a way which threatens to punish them for protected speech, and plaintiffs are being selectively prosecuted or threatened with prosecution by a vindictive prosecutor for religious exercise and speech on matters of vital public concern, public officials, public issues and public figures." I Appellant's App. at 26.

[3]    While the first appeal was pending, the Kansas Legislature amended the criminal defamation statute specifically to require "actual malice." See Kan. Stat. Ann. § 21-4004 (1995).

been instituted in bad faith or to harass." Id. at 1061, 1063 & 1067. We, therefore, remanded plaintiff's "as applied" claim to the district court for further proceedings. Id. at 1061, 1073.

On remand, the district court learned that, after it declared the statute unconstitutional, all of the criminal defamation charges had been dismissed, and that the applicable limitation periods had run, precluding further prosecution based on the events giving rise to those charges. See I Appellant's App. at 100. Identifying the "only remaining issue" as "the threat of future unlawful prosecution," the district court granted defendant's motion to dismiss, concluding that plaintiff lacked standing to pursue the action because (1) he failed to allege an injury "sufficient to confer jurisdiction to seek prospective relief," id. at 103, and (2) "the alleged injury[, even if sufficient,] cannot be redressed by the Court," id. at 104. Plaintiff appeals the dismissal.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996). "Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte." Id. "The touchstone of the mootness inquiry is whether the controversy continues to 'touch[ ] the legal relations of parties having adverse legal interests' in the outcome of the case." Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348

(10th Cir. 1994) (quoting DeFunis v. Odegaard, 416 U.S. 312, 317 (1974) (per curiam) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937))). Put another way, "a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Central Wyo. Law Assocs. v. Denhardt, 60 F.3d 684, 687 (10th Cir. 1995).

Plaintiff brought this lawsuit in 1993 to invalidate Kansas' then-existing criminal defamation statute as facially overbroad and to enjoin the prosecutions against him on the ground that the statute was unconstitutionally applied to him and overbroad on its face. As indicated above, the statute was ultimately found to be valid as written, but, by that time, had been amended anyway to correct explicitly the potential constitutional deficiency. In addition, all of the prosecutions under the original statute have been dismissed and, due to the expiration of the applicable limitation periods, cannot be refiled. Accordingly, the issues raised in this lawsuit (the legality of the original statute, the prospect of future prosecution under the then-suspect statute, and the legality of the then-pending prosecutions) are now moot.[4]

---

[4] The dismissal of the challenged prosecutions and the running of the applicable limitation periods also preclude the application of the "capable of repetition, yet evading review" exception to the mootness doctrine, since it is clear that this particular controversy will not recur.

Plaintiff attempts to avoid the obvious justiciability problem by focusing in his brief on the prospect of future bad faith prosecutions under the amended and now admittedly constitutional criminal defamation statute. Plaintiff is correct in the thrust of his argument, presented in the context of standing but applicable also in mootness analysis, that the prospect of future harm as a result of challenged conduct can alone (if sufficiently likely) render a dispute justiciable. See, e.g, Beattie v. United States, 949 F.2d 1092, 1093 (10th Cir. 1991) (to avoid mootness, party seeking equitable relief who has been exposed in the past to allegedly illegal conduct must demonstrate "'a good chance of being likewise injured in the future.'") (quoting Facio v. Jones, 929 F.2d 541, 543 (10th Cir. 1991)(a standing case)). The problem for plaintiff is that the challenged conduct in this case was the allegedly unlawful prosecution of six specific cases, which have now been dismissed and cannot be refiled. Even if those prosecutions were brought in bad faith, the prospect of future harm from the challenged conduct is nonexistent.

It is true that the pretrial order, which supersedes the complaint as the basis for disposition in this case, see Franklin v. United States, 992 F.2d 1492, 1497 (10th Cir. 1993); see also Fed. R. Civ. P. 16(e) & I Appellant's App. at 97, alleges the threat of future bad faith prosecutions "under the Kansas criminal defamation statute," which, at this juncture, can only mean the amended statute.

-6-

The record is clear, however, that these allegations did not expand the scope of plaintiff's original action. Just eight days after entry of the pretrial order, the district court denied a motion by plaintiff to amend his complaint, declaring that "the pretrial order assumes that [plaintiff's] tendered amendment has been rejected." Docketing Statement, attachment 1 at 4. Although the record on appeal does not include a copy of the "tendered amendment," the district court's order of denial makes clear its substance:

> The Court notes that the proposed amendments recharacterize the nature of plaintiff's claim as an attack on defendant's prosecutorial policy. Plaintiff does not now challenge past prosecutions, but seeks to use past prosecutions as evidence that defendant is predisposed to prosecute him unfairly. This posture completely recharacterizes, however, the essence of plaintiff's case. This recharacterization also raises the difficult issue of fashioning appropriate relief for plaintiff should he eventually prevail.

> The Court does not necessarily conclude that plaintiff's proposed amendment is futile because his claims are legally insufficient as a matter of law [thus not embracing defendant's futility arguments based on standing and ripeness], although that conclusion may indeed be the correct one. The point is that plaintiff has taken off in a totally new direction. The purported amendments go beyond "supplementation"; they lead us in an entirely new direction which, as the Court notes below, is substantially prejudicial to the opposing party.

> . . . .

> To circumvent the arguable difficulties with standing and the absence of a case or controversy discussed above, plaintiff's amended complaint recharacterizes the nature of the claim as a challenge against defendant's prosecutorial policy. This revision inexplicably changes the fundamental nature of the case. . . .

. . . .

> . . . Plaintiff may challenge future prosecutions under the 1995 criminal defamation statute by filing a new complaint, but not by reworking the original complaint in this case.

Docketing Statement, attachment 1 at 3-4, 6, 7.  See also Docketing Statement at 4 (where plaintiff states that he "moved to amend to add a claim for bad faith prosecutorial policy (emphasis added)).  If plaintiff intended to challenge on appeal the district court's denial of his motion to amend, see id. at 4 & 5, he has since abandoned the issue, see Reazin v. Blue Cross & Blue Shield of Kan., Inc., 899 F.2d 951, 979 n.43 (10th Cir. 1990) (issue raised in docketing statement but not briefed is abandoned).

Plaintiff has moved to supplement the record on appeal with three documents indicating that new criminal defamation charges have been filed against him, this time obviously under the amended criminal defamation statute. For the reasons discussed above, we deny the motion to supplement because the tendered documents are not relevant to the issue before us, which is not simply the existence of any controversy between plaintiff and defendant but the continued viability of the controversy presented in this action.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Robin J. Cauthron
District Judge