**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 2 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MARATHON OIL COMPANY, an Ohio
corporation,

      Plaintiff-Appellant,

v.

BRUCE BABBITT, in his official
capacity as Secretary of the United States
Department of the Interior, GARY L.
JOHNSON, in his official capacity as the
Manager of the Dallas Area Audit Office
of the Minerals Management Service, the
MINERALS MANAGEMENT SERVICE
of the United States Department of the
Interior, and the UNITED STATES
DEPARTMENT OF THE INTERIOR,

      Defendants-Appellees.

No. 96-1485
(D.C. No. 94-N-1429)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **HENRY**, Circuit Judges.

      Plaintiff-Appellant Marathon Oil Company appeals from the district court's grant

of summary judgment in favor of defendants. Because the Minerals Management Service

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

("MMS") rescinded the order on which this suit is based, the issues presented for our review are moot and we lack jurisdiction. Thus, we do not reach the merits of this appeal, and we vacate the district court's order of judgment and remand for dismissal.

Marathon essentially seeks a determination that the six-year statute of limitations for actions brought by the United States found at 28 U.S.C. § 2415 applies to administrative orders to pay royalties issued by the MMS. The Denver Area Audit Office of the MMS audited the payment of royalties by TXO Production Company, Marathon's predecessor, on three Indian oil and gas leases from 1983 to 1989 to determine whether TXO had underpaid royalties on those leases. As a result of that audit, the MMS issued an order on May 17, 1994 finding that TXO had underpaid royalties due on natural gas produced from the leases and directing Marathon to recalculate the royalty rate and pay additional royalties. Marathon sued, and the parties filed cross-motions for summary judgment. While those motions were pending, the Acting Deputy Commissioner of Indian Affairs issued a decision in one of Marathon's related administrative appeals which invalidated the legal basis on which the MMS relied in issuing the May 17, 1994 order. MMS subsequently withdrew the order in this case and then moved to dismiss for lack of subject matter jurisdiction. The district court denied that motion, addressed the merits, and granted the government's motion for summary judgment.

The presence or absence of a live case or controversy goes to the core of federal subject matter jurisdiction; thus, the district court's determination that this action is not

moot is subject to de novo review.  See F.E.R. v. Valdez, 58 F.3d 1530, 1532-33 (10th

Cir. 1995).  Moreover, because inquiries into subject matter jurisdiction impact the

court's power and authority to hear an appeal, we may examine such issues sua sponte

and for the first time on appeal.  See Insurance Corp. of Ireland v. Compagnie des

Bauxites de Guinee, 456 U.S. 694, 702 (1982).

Although the burden of demonstrating mootness "is a heavy one," United States v.

W.T. Grant Co., 345 U.S. 629, 633 (1953), we believe the government's withdrawal of

the May 17, 1994 order is sufficient to moot the controversy between Marathon and the

agency.  We have noted that "[t]he touchstone of the mootness inquiry is whether the

controversy continues to 'touch[ ] the legal relations of parties having adverse legal

interests . . . .'"  See Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994)

(omission in original).  Upon withdrawal of the May 17, 1994 order, the controversy

giving rise to this litigation ceased to exist.  Where, as here, "interim . . . events have

eliminated the effects of [the government's] alleged violation[,]" Committee for the First

Amendment v. Campbell, 962 F.2d 1517, 1524 (10th Cir. 1992), this court will generally

refrain from exercising jurisdiction, as no live and concrete controversy suitable for

judicial determination remains.  See United States v. Chavez-Palacios, 30 F.3d 1290,

1293 (10th Cir. 1994).

Marathon asserts that the parties' disagreement regarding the applicability of

§ 2415's six-year statute of limitations to MMS orders satisfies the "capable of repetition,

3

yet evading review" exception to the mootness doctrine.  We disagree.  Though the parties concede that Marathon will likely be subjected to similar proceedings in the future, Marathon cannot establish that the challenged action is "in its duration too short to be fully litigated prior to its cessation or expiration . . . ."  Fischbach v. New Mexico Activities Ass'n, 38 F.3d 1159, 1161 (10th Cir. 1994).   This traditional exception to the mootness doctrine generally involves "official action that by its very nature could not, or probably would not be able to be adjudicated while fully 'live.'"  Dow Chemical Co. v. EPA, 605 F.2d 673, 678-79 n.12 (3rd Cir. 1979) (citing examples).  Though the MMS's actions may delay review of Marathon's statute of limitations argument because Marathon will have to challenge the MMS's position in another action involving a different order, review will not be "evaded" as envisioned by the exception to the mootness doctrine simply because this order was withdrawn.  See National Wildlife Federation v. Hodel, 839 F.2d 694, 742 (D.C. Cir. 1988).

We also reject Marathon's contention that the MMS's withdrawal of the order constitutes voluntary cessation of illegal conduct which preserves for review the underlying controversy over the application of  § 2415.  MMS withdrew the May 17, 1994 order "not in an effort to evade review," Valdez, 58 F.3d at 1533, but because the Deputy Commissioner negated the legal basis on which MMS had issued the order.  Moreover, the cessation Marathon complains of -- the withdrawal of the order -- actually eliminates the very controversy Marathon seeks to adjudicate in this action -- the

4

applicability of the statute of limitations to the order.

To the extent Marathon urges and the district court agreed that this litigation presents a live controversy regarding the MMS's policy of interpreting § 2415 to not apply to MMS orders, we must disagree. In its complaint, Marathon requests relief from the May 17, 1994 order and a declaration that § 2415 applies to MMS orders to report and pay additional royalties issued under the Federal Oil and Gas Royalty Management Act. See Aplt. App. ex. 6, at 4. Marathon insists the inclusion of this claim for declaratory relief is sufficient to resuscitate an otherwise moot controversy, relying on City of Houston v. HUD, 24 F.3d 1421 (D.C. Cir. 1994). Although City of Houston recognizes that challenges to an agency's policy are not necessarily mooted when a specific agency action no longer presents a live controversy, see id. at 1428, it also recognizes that where, as here, such litigation "has focused almost exclusively on one specific agency action," "passing references" to an allegedly illegal policy will not prevent the mooting of the entire case. See id. at 1430. Even were we to accept its reasoning, we do not believe City of Houston requires the result Marathon so fervently urges.

Nor are we convinced that Marathon's fourteen similar pending administrative appeals, which are not before this court, allow us to fashion declaratory relief in this litigation.[1] Requests for declaratory judgment are not exempt from the threshold case or

---

[1]Marathon filed a Motion to Supplement the Record with a new MMS order to pay royalties issued July 22, 1997. However, the new order was not before the district court, and the appellate rules recognize that this court may only consider the "record on

5

controversy requirement which provides this court with Article III jurisdiction. See Cardtoons v. Major League Baseball Players Ass'n, 95 F.3d 959, 965 (10th Cir. 1996) (citing Altwater v. Freeman, 319 U.S. 359 (1943)). In fact, the Declaratory Judgment Act generally limits application of the remedy to cases involving "actual controversy." 28 U.S.C. § 2201(a). Absent the concrete legal and factual issues presented by the now-withdrawn order, all that remains is Marathon's bare request that this court hold that § 2415 applies to MMS orders to pay royalties. We have no jurisdiction to issue "an opinion advising what the law would be upon a hypothetical state of facts." Aetna Life Ins. Co. v Haworth, 300 U.S. 227, 241 (1937).

For the reasons expressed above, we conclude this case is moot. We DISMISS the appeal and REMAND the case to the district court to vacate its judgment and dismiss the action for want of subject matter jurisdiction.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

appeal," which consists of "the original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court." Fed. R. App. P. 10(a). We accordingly deny Marathon's motion.