**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 6 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

BINGHAM LIVESTOCK
TRANSPORTATION, INC.,

      Plaintiff-Appellant,

v.

KENNETH M. MEAD,

      Defendant-Appellee.

No. 01-4215
(D. Utah)
(D.Ct. No. 01-CV-6-ST)

_____

**ORDER AND JUDGMENT**[*]

_____

Submitted on the briefs.[**]

Gregory G. Skordas of Gustin, Christian, Skordas & Caston, Salt Lake City, Utah;
Anthony J. McMahon, Bethesda, Maryland, for Plaintiff-Appellant.

Robert D. McCallum, Jr., Assistant Attorney General, Washington, D.C.; Paul M.
Warner, United States Attorney, Salt Lake City, Utah; Douglas N. Letter and
Steve Frank, Department of Justice, Washington, D.C., for Defendant-Appellee.

_____

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument.

Before **HARTZ** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

_____

Bingham Livestock Transportation, Inc., brought this action for injunctive and declaratory relief against the Inspector General of the United States Department of Transportation.  The United States District Court for the District of Utah denied Bingham Livestock's motion for summary judgment and granted the government's motion to dismiss or, alternatively, for summary judgment.  Bingham Livestock appeals.  Due to recent events that occurred during the pendency of this appeal, we dismiss this appeal as moot.

Bingham Livestock is a trucking business located in Utah.  Based on allegations it violated, among other things, certain provisions of the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 395.3, 395.8, the Inspector General's Office, in cooperation with the Federal Bureau of Investigation, began an investigation of Bingham Livestock's business activities.  A few months later, agents from the Inspector General's Office and other federal and local agencies executed a search warrant on Bingham Livestock's premises.  The agents seized some of Bingham Livestock's business records during the search.

Bingham Livestock filed a complaint in district court,[1] seeking, in relevant part, an order (1) declaring the Inspector General's investigation of Bingham Livestock beyond his authority; (2) declaring the Inspector General's search of Bingham Livestock's premises beyond his authority and in violation of the Fourth and Fifth Amendments of the United States Constitution; and (3) directing the Inspector General to terminate his investigation of Bingham Livestock and return the records seized during the search.[2] Bingham Livestock later filed a motion for summary judgment, arguing the Inspector General acted beyond his authority in investigating Bingham Livestock and searching its premises. In response, the government filed a motion to dismiss for failure to state a claim or, alternatively, for summary judgment. After a hearing on the motions, the district court denied Bingham Livestock's motion for summary judgment and granted the government's motion. Bingham Livestock appeals, arguing the district court's order should be reversed and its business records returned.

---

[1] We sua sponte designate the complaint as part of the record on appeal. *See* Fed. R. App. Proc. 10(e)(2)(C).

[2] Bingham Livestock also sought in its complaint an order rescinding the Inspector General's referral of the investigation to the Department of Justice and a declaration the referral was "ultra vires." Bingham Livestock later abandoned these claims for relief because there was no "referral to the Department of Justice." In any event, even if Bingham Livestock still desired this relief, we nevertheless conclude this action is moot for the reasons discussed below.

While this appeal was pending, Bingham Livestock entered a plea agreement with the government and pleaded guilty to one count of Felony Information in violation of 18 U.S.C. § 1001. In addition, the government ended its investigation and returned the records it seized during the search of Bingham Livestock's premises to Bingham Livestock's attorney. As a result of these developments, the government filed a motion to dismiss this appeal as moot because the "investigation is complete and the records at issue in this case [are] returned to Bingham [Livestock]."

Bingham Livestock opposes the government's motion. It argues the government agreed, as part of the plea agreement, Bingham Livestock would be able to withdraw its guilty plea if it was successful on this appeal. The government and Bingham Livestock's attorney in the criminal proceedings deny entering any agreement concerning this appeal, and the plea agreement does not reflect any such agreement. In addition, Bingham Livestock argues it did not sign the plea agreement. After reviewing the government's motion and the parties' arguments, we conclude this action is moot.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."

*McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "In general a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (quotation marks and citations omitted). "'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects.'" *Beattie v. United States,* 949 F.2d 1092, 1094 (10th Cir. 1991) (quoting *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974) (alterations omitted)). Likewise, "[i]t is well established that what makes a declaratory judgment action 'a proper judicial resolution of a "case or controversy" rather than an advisory opinion – is [] the settling of some dispute which affects the behavior of the defendant toward the plaintiff.'" *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994) (quoting *Hewitt v. Helms*, 482 U.S. 755, 761 (1987)).

Under these principles, we conclude Bingham Livestock's claim for injunctive relief is moot. Bingham Livestock already achieved the explicit objective of its proposed injunction: the government ceased the investigation and returned Bingham Livestock's business records. As a result of these developments, there is no longer a "live" controversy.

We also conclude Bingham Livestock's claims for declaratory relief are moot. Because the government already ended its investigation and returned Bingham Livestock's business records, a declaratory judgment in Bingham Livestock's favor "would amount to nothing more than a declaration that [it] was wronged, and would have no effect on the [government's] behavior towards [it]." *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997).[3]

Furthermore, we conclude the "capable of repetition, yet evading review" exception to mootness is not applicable to the facts of this case. *See Murphy*, 455 U.S. at 482. The particular controversy in this case "is neither likely to recur nor, by nature, so ephemeral as to elude the processes of judicial review." *Beattie*, 940 F.2d at 1094 n.2. *See, e.g., Murphy*, 455 U.S. at 482 (stating the "capable of repetition, yet evading review exception" is limited to cases where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same

---

[3] We also note Bingham Livestock's "interest in attorney's fees is insufficient to create an Article III case or controversy where a case or controversy does not exist on the merits of the underlying claim." *Cox*, 43 F.3d at 1348 n.4. Furthermore, under the circumstances of this case, Bingham Livestock's general prayer for "[s]uch other and further relief as the Court may deem appropriate" does not preserve this action as a live case or controversy. *See Thomas R.W. v. Massachusetts Dep't of Educ.*, 130 F.3d 477, 480 (1st Cir. 1997).

complaining party would be subjected to the same action again" (quotation marks and citation omitted)).  In light of the terms of the plea bargain, the possibility that the government will begin a new investigation of Bingham Livestock or (*if* Bingham Livestock is able to withdraw its guilty plea) re-open its previous investigation is simply too speculative and remote at this time to qualify for this exception.  *See F.E.R. v. Valdez*, 58 F.3d 1530, 1533 (10th Cir. 1995) (concluding the possibility of a subsequent investigation for Medicaid fraud "too speculative to support" an exception to the mootness doctrine.)

For the reasons discussed above, we conclude this action is moot.  We therefore **GRANT** the government's motion to dismiss this appeal as moot, **VACATE** the judgment of the district court, and **REMAND** to the district court with instructions to dismiss the action as moot.  *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950).

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge