**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DONALD RAY BEIERLE,

    Plaintiff - Appellant,

  and

KEVIN CHARLES GWINN,

    Plaintiff,

v.

COLORADO DEPARTMENT OF
CORRECTIONS; JOE ORTIZ,
Director of CDOC; TONY REED,
Warden of BVCF,

    Defendants - Appellees.

No. 03-1174
(No. 02-M-412)
(D. Colorado)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Donald Beierle, pro se, appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint challenging the conditions of his prison confinement at Buena Vista Correctional Facility ("BVCF"). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm in part, vacate in part, and remand for further proceedings.

On February 28, 2002, prisoners Donald Beierle and Kevin Gwinn filed a complaint naming as defendants the Colorado Department of Corrections ("CDOC"), the Director of CDOC, Brian Burnett, and the BVCF warden, Tony Reed. The complaint was signed by Beierle and Gwinn. Beierle also submitted a motion for certification as a class. In addition, the names, addresses, and signatures of fifty-four parties were attached declaring that "they are Plaintiff(s), in the above actions or shall file in concert pursuant to a class action." (R. Compl. at 11.)

Beierle and Gwinn asserted three separate theories for injunctive relief. First, they alleged that CDOC officials violated the Equal Protection Clause by treating inmates at BVCF differently than inmates incarcerated at other Level III secured CDOC facilities, such as requiring significantly more lock-down time and providing less-equipped law libraries in comparison to other facilities. Second, they alleged that CDOC officials violated their First and Fourth Amendment rights, and rights of access to counsel and the courts, by impermissibly opening

incoming legal mail and "go[ing] through" legal mail in their prison cells during "shakedown" searches without inmates present. (R. Compl. at 20.) Third, they alleged that health and sanitary conditions at BVCF constitute cruel and unusual punishment in violation of the Eighth Amendment. Specifically, they complained of exposure to asbestos and unsafe asbestos removal practices, an abundance of mice and mice feces, roaches and vermin in the kitchen, noise and feces from migrating geese, lack of a sprinkler system, overcrowding, and sewage that backs up into water supplies in the kitchen, showers, and laundry.

On June 26, 2002, Beierle and Gwinn filed a motion to amend the complaint; the amended complaint sought to add additional defendants, numerous additional complaints, and make changes to their original claims. They also submitted a second amended complaint, which the district court received but did not file on August 22, 2002. On August 28, 2002, Beierle filed an affidavit in support of change of residency stating that he had been transferred from the BVCF to the Crowley County Correctional Facility on August 14, 2002.

By an order filed on May 27, 2003, the district court denied Beierle's motion to certify a class action, determined that inmates other than Beierle and Gwinn that sought to be listed as plaintiffs did not meet the requirements for joinder, and dismissed plaintiff Gwinn for failure to exhaust administrative remedies. The district court also dismissed Beierle's substantive claims for

injunctive relief for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and denied the motion to amend the complaint. On appeal, Beierle argues, inter alia, that the district court erred in: (1) denying his request to file a class action; (2) holding that futility is not an exception to the requirement to exhaust administrative remedies; (3) denying his request to amend the complaint; and (4) finding that he did not state a claim for violations of his rights to equal protection, access to courts and counsel, and freedom from cruel and unusual punishment. Finally, Beierle requests that we appoint appellate counsel.

We review the district court's finding that Beierle is not an adequate class representative for abuse of discretion, see Pilots Against Illegal Dues v. Air Line Pilots Ass'n, 938 F.2d 1123, 1134 (10th Cir. 1991), and affirm. A class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000), we concluded that a "litigant may bring his own claims to federal court without counsel, but not the claims of others." Id. at 1321 (citation omitted); see also 7A Wright, et al., Federal Practice and Procedure: Civil 2d § 1769.1 (2d ed. 1986).

As to the dismissal of Gwinn for failure to exhaust administrative remedies, although we have held that futility is not an exception to the requirement that prisoners must exhaust administrative remedies prior to seeking judicial review,

- 4 -

see Yousef v. Reno, 254 F.3d 1214, 1221 (10th Cir. 2001), we need not decide whether the district court acted properly because Gwinn has since been released from prison and is no longer taking part in this appeal.

Because we conclude that the proposed amended complaint would not have cured the deficiencies in the original complaint and sufficed to state a claim for violations of equal protection, the Eighth Amendment, or access to counsel and the courts, we determine that the district court acted within its discretion in denying Beierle's motion to amend. See Fomon v. Davis, 371 U.S. 178, 182 (1962) ("futility of amendment" is adequate to refuse leave to amend).

Turning to the district court's dismissal of Beierle's substantive claims for prospective injunctive relief pursuant to Fed. R. Civ. P 12(b)(6), we conclude that the issues are moot because Beierle's individual claims for injunctive relief uniformly pertain to alleged constitutional violations at a single prison compound where Beierle is no longer incarcerated.[1] We have held that "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot — i.e. where the controversy is no longer live and ongoing." Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994).

---

[1]In his second amended complaint Beierle sought a damage award, but does not reassert this request on appeal.

A claim will be "deemed moot unless a proper judicial resolution settles some dispute which affects the behavior of the defendant toward the plaintiff." McAlpine v. Thompson, 187 F.3d 1213, 1216 (10th Cir. 1999) (quotations omitted). An award of injunctive relief to remedy alleged inadequate conditions and constitutional violations at BVCF would have no effect on defendants' behavior towards Beierle. Moreover, Beierle has not alleged facts indicating that he will be transferred back to BVCF at some date in the future. See id. at 1217 (concluding that the hypothetical possibility that an inmate on supervised release will violate the terms of his parole and be returned to the same prison cannot "save an otherwise moot claim for prospective injunctive relief relating to prison conditions"); see also Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) (holding that a prisoner's transfer moots his request for injunctive relief for denial of access to courts in the facility from which he was transferred); Beyah v. Coughlin, 789 F.2d 986, 988 (2d Cir. 1986) (holding similarly in the context of alleged deprivations of constitutional rights); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding similarly in the context of inadequate conditions of confinement); McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984) (concluding that a prisoner's argument that "there is no assurance that he will not be returned to the [first] jail" is not a defense to mootness). Finally, we note that the record does not reveal any suggestion that Beierle's transfer was

made for the purpose of evading our jurisdiction.  See <u>McKinnon</u>, 745 F.2d at 1363.

For these reasons, we **AFFIRM** the district court's order denying class certification and denying the motion to amend.  We **VACATE** the district court's order dismissing Beierle's equal protection, Eighth Amendment, and access-to-counsel and courts claims and **REMAND** with instructions that the district court **DISMISS** these claims without prejudice as moot.  We **GRANT** Beierle's motion to proceed without prepayment of the filing fee.  However, Beierle remains liable for the amount of the appellate filing fee and is obligated to continue making partial payments until the entire fee has been paid.  Beierle's request for counsel is **DENIED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge