**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**November 17, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

JAMES R. MCKILLIP,

    Plaintiff - Appellant,

v.

JOE NORWOOD, Former Secretary of
Corrections, Kansas Department of
Corrections, in his individual and official
capacity; RON BAKER, Former Warden,
Lansing Correctional Facility, in his
individual and official capacity; GINA M.
HOWLETT, Unit Team Manager, Lansing
Correctional Facility, in her individual and
official capacity; JAMIE CLAASSEN,
Former Unit Team Supervisor, Lansing
Correctional Facility, in his individual and
official capacity; (FNU) PAYNE,
Corrections Officer I, Lansing Correctional
Facility, in his individual and official
capacity; JAMES ENGLIS, Corrections
Officer II, Lansing Correctional Facility, in
his individual and official capacity;
WILLARD SCOTT KINCAID,
Corrections Supervisor I, Lansing
Correctional Facility, in his individual and
official capacity; AUGUST DILLARD,
Corrections Officer, II Lansing
Correctional Facility, in his individual and
official capacity; STEVEN GANDY,
Corrections Officer I, Lansing Correctional
Facility, in his individual and official
capacity; ASHLEY GABLE, Corrections
Officer I, Lansing Correctional Facility, in
her individual and official capacity,

    Defendants - Appellees.
_____

No. 22-3100
(D.C. No. 5:20-CV-03318-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

Pro se prisoner James R. McKillip appeals the district court's dismissal of his 42 U.S.C. § 1983 claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

While incarcerated at Lansing Correctional Facility, a Kansas state prison, McKillip lost access to running water in his cell. On December 17, 2018, McKillip alerted corrections officers of the problem, and they told him they would put in a work order. The work order was not completed until December 31, 2018. During these two weeks, McKillip repeatedly reached out to prison officials for help but was told that nothing else could be done because staff already submitted a work order.

While the running water was broken in McKillip's cell, he was forced to urinate in his sink and clean it as best he could with bottled water. He also had to defecate in a bag and place the bag in the hallway for prison employees to throw away. **Opening Br. 3.** McKillip states that he felt prison officials were "trying to kill [him]" and that he suffered emotional distress. He contends that prison officials

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

delayed in making the repairs because "[t]hey don't like [him] around here and they constantly do things to retaliate against [him]."

McKillip filed a § 1983 suit against several prison officials, alleging that the lack of running water violated his constitutional rights. In his amended complaint, McKillip claimed these unsafe cell conditions constituted cruel-and-unusual punishment in violation of the Eighth and Fourteenth Amendments. The district court found that this claim did not allege a physical injury, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), and dismissed the complaint under 28 U.S.C. § 1915 for failure to state a claim. McKillip also alleged a negligence claim, and the district court dismissed that claim as well because a § 1983 action cannot rest on mere negligence. *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (internal citation omitted). McKillip moved to alter or amend that dismissal under Federal Rule of Civil Procedure 59(e), but the district court denied that motion. McKillip timely appealed the dismissal order.

## DISCUSSION

In the district court, McKillip proceeded *in forma pauperis*, so he was subject to the requirements of 28 U.S.C. § 1915. A district court may dismiss a pro se prisoner complaint if it fails to state a claim on which relief may be granted. § 1915(e)(2)(B)(ii). On de novo review, we apply the standard of Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007). "[T]he specific allegations in the complaint [must] . . . plausibly support a legal claim for relief." *Id.* at 1218 (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210,

3

1215 n.2 (10th Cir. 2007)). We accept McKillip's factual allegations as true and construe them in the light most favorable to him. *Id.* (quoting *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)). Because McKillip is proceeding pro se, we construe his allegations liberally. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

McKillip does not appeal the negligence claim beyond a cursory mention of the word in his opening brief. We decline to consider it here. *See Holmes v. Colo. Coal. for Homeless Long Term Disability Plan*, 762 F.3d 1195, 1199 (10th Cir. 2014) (refusing to consider an appellant's challenge when it was inadequately briefed on appeal). McKillip appeals the dismissal of his conditions-of-confinement claim under both the Eighth and Fourteenth Amendments.[1] Because the Eighth Amendment protects McKillip's right to a habitable prison cell, *Battle v. Anderson*, 564 F.2d 388, 393 (10th Cir. 1977), we need not analyze his claims "under the more generalized provisions of substantive due process." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). To avoid redundancy, we review McKillip's claims

---

[1] McKillip refers to his claim as a conditions-of-confinement claim in his statement of the case, and later refers to it as both an "unsafe conditions" and "deliberate indifference" claim. Courts analyze unsafe prison conditions through conditions-of-confinement claims. *Helling v. McKinney*, 509 U.S. 25, 33–34 (1993). Deliberate indifference is not its own claim under the Eighth Amendment, but rather is the second prong of a conditions-of-confinement analysis. *Barney v. Pulsipher*, 143 F.3d 1299, 1307 n.5 (10th Cir. 1998) ("[A] finding of 'deliberate indifference' is . . . required to hold prison officials liable for violating inmates' Eighth Amendment right to humane conditions of confinement."). If McKillip's deliberate-indifference claim is intended to address an Eighth Amendment violation for deliberate indifference to serious medical needs, *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005), McKillip has not given any facts to support this type of claim.

4

under the Eighth Amendment as applied to the states through the Fourteenth Amendment. *Id.*

The Eighth Amendment guarantees McKillip prison conditions that do not "result in his degeneration" or threaten his mental and physical well-being. *Battle*, 564 F.2d at 403. But § 1997e(e) authorizes prisoners to bring § 1983 actions "for mental or emotional injury suffered while in custody" only if the prisoner can also show physical injury.

We affirm the district court's dismissal as it relates to McKillip's claim for damages because he has not alleged physical injury in this case. His allegation that he had no access to running water for two weeks, if true, is certainly concerning. But he states only that this situation somehow caused him to fear for his life and that he "broke down and started crying a few times." These emotional injuries cannot sustain his § 1983 claim for damages. § 1997e(e).

Even so, the district court still needed to address McKillip's declaratory-relief claim.[2] The physical-injury requirement of § 1997e(e) "does not affect actions for declaratory or injunctive relief." *Perkins*, 165 F.3d at 808. McKillip's amended complaint requested "[a] declaration that the acts and omissions described herein violated [plaintiff's] rights under the Constitution and laws of the United States." McKillip's claim for declaratory relief was not subject to § 1997e(e) limitations. *Perkins*, 165 F.3d at 808.

---

[2] The district court did not differentiate between these claims and simply dismissed all of McKillip's claims under § 1997e(e) and § 1915(e)(2)(B)(ii).

But his claim for declaratory relief is now moot. McKillip cannot maintain a declaratory action unless he shows that the constitutional violation is ongoing, or he has a "good chance" of suffering the same injury in the future. *Green*, 108 F.3d at 1300 (quoting *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*, 42 U.S.C. § 1981a); *Jordan v. Wiley*, 477 F. App'x 525, 530 (10th Cir. 2012) (unpublished). McKillip's interest in declaratory relief must be more than "simply the satisfaction of a declaration that [he] was wronged." *Green*, 108 F.3d at 1300 (quoting *Cox*, 43 F.3d at 1348).

The prison staff restored his water on December 31, 2018. He alleges no ongoing constitutional violation here that declaratory relief can remedy. McKillip has not alleged any facts to show he will be deprived of running water in the future. Though two weeks is a significant amount of time, nothing indicates he has a "good chance" of suffering that injury again. *Green*, 108 F.3d at 1300; *Jordan* 477 F. App'x at 530. We affirm the district court's dismissal of the declaratory-relief claim because it is moot. *United States v. Schneider*, 594 F.3d 1219, 1227 (10th Cir. 2010) (citations omitted) (explaining that an appellate court can affirm on any indisputable alternative grounds clearly supported by the record).

Finally, McKillip submitted a motion to proceed on this appeal without prepayment of costs or fees. The Clerk's Office assessed the fee and directed McKillip to make partial payments of the fee out of his prison account. *See* § 1915(b). We grant McKillip's motion to proceed without prepayment of costs or

fees and remind him that he must continue making partial payments until the entire filing fee is paid in full.

## CONCLUSION

We affirm the district court's order.

Entered for the Court

Gregory A. Phillips
Circuit Judge